UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| BRIDGETTE TOJEK, | REPORT |
| | and |
| Plaintiff, | RECOMMENDATION |
| v. | ----------------------------- |
| | DECISION |
| LYNDSEY SWIFT, | and |
| | ORDER |
| Defendant. | |
| _____ | 20-CV-755Si(F) |

APPEARANCES:   BRIDGETTE TOJEK, *Pro se*
               10240 County Road 15
               Fillmore, New York  14735

               JAMES P. KENNEDY, JR.
               UNITED STATES ATTORNEY
               Attorney for Defendant
               MICHAEL S. CERRONE
               Assistant United States Attorney, of Counsel
               United States Attorney's Office
               Federal Centre
               138 Delaware Avenue
               Buffalo, New York  14202

## JURISDICTION

This case was referred to the undersigned by Hon. John L. Sinatra, Jr., on October 20, 2020, for all pretrial matters including preparation of a report and recommendation on dispositive motions.  The matter is presently before the court on Defendants' motion to substitute parties and dismiss the Complaint (Dkt. 2), filed June 23, 2020, and Plaintiff's motion for leave to file an amended Complaint (Dkt. 7), filed September 9, 2020.[1]

---

[1] Although Defendant's motion to dismiss is dispositive, whereas Plaintiff's motion for leave to file an amended complaint is non-dispositive, the matters are addressed together in this combined Report and Recommendation/ Decision and Order in the interest of judicial economy.

**BACKGROUND**

On June 15, 2020, Plaintiff Bridgette Tojek ("Plaintiff" or "Tojek"), commenced this action in New York State Supreme Court, Allegany County, alleging the tortious actions of Defendant Lyndsey Swift ("Defendant" or "Swift"), an employee of the United States Postal Service ("USPS"), resulted in property damage and personal injury to Plaintiff.  On June 18, 2020, Defendant removed the action to this court asserting jurisdiction pursuant to 28 U.S.C. § 1346(b)(1) based on Plaintiff's common law tort claims for injury and loss of property allegedly caused by the negligence of a federal government employee.  Notice of Removal (Dkt. 1) ("Removal Notice"), ¶ 3.  On June 23, 2020, Defendant filed a motion (Dkt. 2) ("Defendant's Motion"), seeking to substitute the United States as Defendant in place of Swift, and to dismiss the Complaint[2] based on Plaintiff's failure to exhaust administrative remedies or, alternatively, for failing to state a claim for which relief can be granted.  Defendant's Motion is supported by the attached Declaration of Kimberly A. Herbst ("Herbst") (Dkt. 2-1) ("Herbst Affidavit"), the Certification of United States Attorney James P. Kennedy, Jr. ("Kennedy") (Dkt. 2-2) ("Kennedy Certification"), and Defendant's Memorandum of Law in Support of Motion to Substitute and to Dismiss (Dkt. 2-3) ("Defendant's Memorandum").  In a letter to the court dated August 5, 2020 (Dkt. 4), Assistant United States Attorney Michael S. Cerrone ("Cerrone"), advised that Plaintiff had not complied with this court's July 28, 2020 Text Order (Dkt. 3), requiring Plaintiff file by June 23, 2020, any papers opposing

---

[2] A copy of the Complaint filed in New York Supreme Court is attached as Exhibit A to the Removal Notice, Dkt. 1 at 4-11.

Defendant's Motion, and requesting the court grant Defendant's Motion. On August 7, 2020, Plaintiff requested an extension of time to file a response, Dkt. 5, which the court, by Text Order entered August 10, 2020 (Dkt. 6), granted, with Plaintiff given until September 23, 2020 to respond in opposition to Defendant's Motion.

On September 9, 2020, Plaintiff filed a document denominated as a Notice of Motion (Dkt. 7), consisting of a request that this court order USPS to refrain from sending Plaintiff's undeliverable mail back to the sender, permit Plaintiff leave to file an amended complaint, deny Defendant's Motion pending Plaintiff's filing of an amended complaint, and allow Plaintiff, who is proceeding *pro se*, to electronically file papers. Plaintiff's Motion is supported by the attached Affirmation of Plaintiff in Support of Motion (Dkt. 7 at 3-5) ("Plaintiff's Affirmation"), Plaintiff's Affirmative Response to Defendant's Motion to Substitute Party, and Opposition to Motion to Dismiss (Dkt. 7 at 4-8) ("Plaintiff's Response"), and exhibits 1 through 6 (Dkt. 7 at 9-19) ("Plaintiff's Exh(s). __"). In further support of substitution and dismissal, Defendant filed on September 23, 2020 Defendant's Reply Memorandum of Law (Dkt. 8) ("Defendant's Reply"). Oral argument was deemed unnecessary.

Based on the following, Defendant's Motion is GRANTED as to the request to substitute parties, and should be GRANTED insofar as it seeks to dismiss the Complaint for failure to state a claim; Plaintiff's Motion for leave to file an amended complaint is DENIED.

## **FACTS**[3]

Plaintiff Bridgette Tojek ("Plaintiff" or "Tojek") lives in a rural section of Allegany County where mail delivery by the United States Postal Service ("USPS"), requires postal customers erect rural mailboxes meeting USPS standards allowing for mail delivery at the curb from the mail carrier's delivery vehicle, and from which customers can safely retrieve the delivered mail.  In July 2019, after experiencing theft of her mail, Plaintiff altered her rural delivery mailbox so that it was locked shut, cutting a slit through which mail could be inserted by the mail carrier.  According to Plaintiff, the alterations to her mailbox was made in accordance with options provided by a USPS investigator who contacted Plaintiff in July 2019 after Plaintiff complained to then regional Postmaster Tonya Roberts that Plaintiff's mail was being stolen.  Plaintiff describes the slot she cut into the mailbox is 5" wide, large enough to accommodate a standard envelope measuring 4 ½ ", and that the edges of the slot were not sharp. Plaintiff maintains that she then received mail in the altered rural delivery mailbox without incident until April 2020 when the mail carrier refused to deliver Plaintiff's mail in accordance with her instructions.

In particular, Plaintiff alleges that on April 11, 2020, she telephoned the local USPS office in Fillmore, New York ("the Fillmore post office") to advise the Officer in Charge ("OIC"), that within the next few days, Plaintiff anticipated a mail delivery of multiple packages including, *inter alia*, a "high dollar value security system," requesting the packages by placed into a tote Plaintiff intended to locate inside the gate and fence at her home ("the tote").  On April 15, 2020, Plaintiff again called the Fillmore post office

---

[3] Taken from the pleadings and motion papers filed in this action.

and spoke with Defendant Lyndsey Swift ("Defendant" or "Swift"), the Fillmore post office OIC, requesting Swift let the mail carrier know to put the packages Plaintiff anticipated would be delivered that day into the tote.  When Plaintiff arrived home on April 15, 2020, however, Plaintiff discovered the delivered package, as well as its contents, torn up and her mail ripped to shreds.  Rather than placing the package into the tote as Plaintiff had requested, the mail carrier had placed the package into a 13-gallon trash bag which was then hung onto the gate, about a foot away from the tote into which Plaintiff had requested the package be placed.  When Plaintiff telephoned the Fillmore post office on April 16, 2020, to complain about the damaged mail to the OIC, Swift, the OIC responded she forgot to inform the mail carrier about Plaintiff's request that packages be placed in the tote.  Plaintiff maintains Swift's response establishes Swift was "clearly having issues managing the work force."  Complaint, Dkt. 1 at 10.

On May 15, 2020, Plaintiff e-mailed USPS Customer Support complaining about her mail delivery, and the complaint was assigned Service Request # 09778556 ("first service request").  The first service request was forwarded to the Defendant Swift as OIC, who, on May 18, 2020, responded to Plaintiff by e-mail, attaching a letter advising Plaintiff of her options ("Swift letter").[4]  Swift specifically advised Plaintiff her altered mailbox did not comply with relevant USPS regulations, advising that sharp edges on the slot Plaintiff cut into her mailbox posed a safety concern for the mail carrier, and the slot was not large enough to accommodate small packages and also required the mail carrier to individually "feed[ ]" each piece of mail through the slot.  Swift letter at 1.  Swift continued that the USPS would suspend delivery of Plaintiff's mail, which would be held

---

[4] A copy of the Swift letter is filed as Plaintiff's Exh. 3a (Dkt. 7 at 15).

5

for 30 days at the Fillmore post office, but that after thirty days Plaintiff's mail would be returned to the sender if Plaintiff did not install a mail receptacle complying with USPS regulations which would allow regular mail delivery to resume. *Id*. Swift further advised of the alternative option of renting a Post Office Box at the Fillmore post office. *Id*. Plaintiff was advised the first service request was considered resolved. Plaintiff's Exh. 3 (Dkt. 7 at 13).

      Plaintiff's mail was then held at the Fillmore post office from which Plaintiff's retrieved her mail, but when 30 days elapsed and Plaintiff failed to either replace her altered mailbox as directed by OIC Swift, or to rent a Post Office Box, her mail was no longer held for her to pick up but was returned to the sender. On June 23, 2020, Plaintiff e-mailed USPS Customer Service complaining about her suspended mail delivery service and the complaint was assigned USPS Service Request #11464180 ("second service request"). Plaintiff's Exh. 4 (Dkt. 7 at 16). In an e-mail dated September 2, 2020, one "Deanna" advised that allowing Plaintiff to retrieve her mail from the Fillmore post office for 30 days was only a temporary solution intended to provide Plaintiff an opportunity either to obtain a mailbox meeting USPS standards, or to rent a Post Office Box at which time Plaintiff's regular mail delivery would resume, but that Plaintiff's mail was returned to the sender when Plaintiff failed to comply with either option. Plaintiff's Exh. D (Dkt. 7 at 18). Deanna further advised Plaintiff mail delivery to her altered mailbox would be possible if the mailbox was not locked, allowing the mail carrier to place mail inside the mailbox without using the slot cut by Plaintiff. *Id*. Plaintiff was also informed that her second service request was considered resolved. *Id*.

Among the mail Plaintiff alleges she never received either because it was not delivered or was returned to the sender are packages, paychecks and bills, resulting in financial hardship including late fees assessed for nonpayment of various bills. It is not clear from the record how or if Plaintiff currently receives her mail.

## DISCUSSION

**1.      Motion to Substitute Parties**

Defendant moves to substitute the United States for Swift as Defendant to this action, arguing that Plaintiff's state common law claims are pursuant to the Federal Tort Claims Act which does not permit a tort action against an individual employee. Defendant's Memorandum at 3-5 (citing 28 U.S.C. § 1436(b)). Plaintiff concedes to the substitution of the United States for Swift as Defendant, Plaintiff's Response at 6, and Defendant relies on the lack of opposition in further support of substitution. Defendant's Reply at 1.

It is settled that absent waiver, sovereign immunity shields the federal government, its agencies from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citing cases). Because Plaintiff's tort claims are asserted against Swift as OIC of the Fillmore post office, Complaint at 2 (Dkt. 1 at 8), Swift is sued in her official capacity as a government officer, which is a claim against the entity employing Swift, *i.e.*, the USPS. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (official-capacity suits against a government official is an action against the government entity employing the official). Further, pursuant to the Postal Reorganization Act, 39 U.S.C. § 101 *et seq*., the USPS "is 'an independent establishment of the executive branch of the Government of the

7

United States. . . .'" *Dolan v. U.S. Postal Service*, 546 U.S. 481, 483-84 (2006) (quoting 39 U.S.C. § 201). "Consistent with this status, the Postal Service enjoys federal sovereign immunity absent a waiver." *Id*. at 484. "Although the Postal Reorganization Act generally 'waives the immunity of the Postal Service from suit by giving it the power 'to sue and be sued in its official name,'" *id*. (quoting *Postal Service v. Flamingo Industries (USA) Ltd.*, 540 U.S. 736, 741 (2004) (quoting 39 U.S.C. § 401(1))), the statute also provides that the Federal Tort Claims Act, 28 U.S.C. § 1345 *et seq.*, ("FTCA"), "'shall apply to tort claims arising outs of activities of the Postal Service,' [39 U.S.C.] § 409(c)." *Id*. Where, however, as here, a claim is asserted against a federal employee acting within the scope of her employment, the United States must be substituted as the proper defendant "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of [her] office or employment at the time of the incident out of which the claim arose . . . ." 28 U.S.C. § 2679(d)(1). The Attorney General has delegated to the United States Attorneys the power to make the certification required by 28 U.S.C. § 2679(d)(1). 28 U.S.C. § 15.3(b). As such, on June 23, 2020, United States Attorney James P. Kennedy, Jr., certified that Swift, at all times relevant to this action, was acting within the scope of her employment with the USPS. Kennedy Certification, Dkt. 2-2. Plaintiff raises no challenge to the Kennedy Certification.

Accordingly, Defendant's Motion is GRANTED as to the request to substitute parties and, pursuant to 28 U.S.C. § 2679(d)(1), the United States is substituted as Defendant to this action.

**2.     Motion to Dismiss**

Defendant moves to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(1) and (6) ("Rule 12(b)__"), for lack of subject matter jurisdiction, as well as for failure to state a claim. Although Defendant's Motion seeks dismissal under both Rule 12(b)(1) and Rule 12(b)(6), Defendant's arguments pertain only to an asserted lack of jurisdiction based both on Plaintiff's failure to exhaust administrative remedies, Defendant's Memorandum at 5-6, as well as because Plaintiff's tort claims are barred by sovereign immunity. *Id*. at 6, and Defendant does not offer a separate argument based on Rule 12(b)(6). Further, where dismissal is sought both for want of jurisdiction under Rule 12(b)(1), and for failure to state a claim under Rule 12(b)(6), the court first addresses the jurisdiction argument based on lack of jurisdiction for without jurisdiction, the court cannot properly determine the sufficiency of the claim. *See Frederick v. State*, 232 F.Supp.3d 326, 330 (W.D.N.Y. 2017) ("A motion questioning the Court's subject matter jurisdiction must be considered before other challenges since the Court must have jurisdiction before it can properly determine the merits of a claim." (internal quotation marks and citation omitted). Accordingly, the court only addresses Defendant's Motion based on Rule 12(b)(1).

**A.     Exhaustion of Administrative Remedies**

Defendant maintains that prior to commencing this action, Plaintiff failed to exhaust administrative remedies, a prerequisite to an FTCA action against the United States. Defendant's Memorandum at 5-6. In opposition, Plaintiff maintains she has attempted to exhaust administrative remedies, submitting copies of e-mail

9

communications by which Plaintiff complained of mail delivery problems.  Plaintiff's Response ¶ 2 (referencing Plaintiff's Exhs. 1-6).  In further support of dismissal for failure to exhaust administrative remedies, Defendant argues Plaintiff's putative attempts to exhaust by methods that do not comport with the requirements of the relevant regulations.  Defendant's Reply at 2.

"Before bringing suit under the FTCA, a plaintiff must exhaust administrative remedies by filing a claim for monetary damages with the appropriate federal entity within two years of accrual of the injury."  *Thompson v. United States*, 795 Fed.Appx. 15, 19-20 (2d Cir. 2019) (citing 28 U.S.C. § 240.1(b), and *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013)).  In particular, a plaintiff properly exhausts an FTCA claim against the USPS when

> the U.S. Postal Service receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 [SF-95], claim for Damage or Injury, or other written notification of an incident, *accompanied by a claim for money damages in a sum certain* for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident.

39 C.F.R. § 912.5(a) (italics and bracketed material added).

Significantly, "[a] district court lacks subject matter jurisdiction if the plaintiff failed to exhaust [her] FTCA claims."  *Thompson*, 795 Fed.Appx. at 20 (citing *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005)).

> In the instant case, Defendant provides the Herbst Affidavit averring
>
> a search of the Postal Service Law Department records of administrative tort claims submitted for adjudication for evidence of an administrative claim (i.e., a form SF-95) filed by or on behalf of Bridgette A. Tojek, the above-named plaintiff [revealed no such claim was filed].

Herbst Affidavit ¶ 4.

10

Nor did Herbst's search of the administrative databased maintained for all Postal Service tort claims received at the local level establish any administrative claim filed by or on behalf of Plaintiff. *Id.* ¶¶ 5-6. Significantly, Herbst's Affidavit, made in her position as Supervisor, Tort Claims Examiner/Adjudicator with the USPS, has stated under penalty of perjury that Plaintiff did not file an administrative tort claim with the USPS regarding the interference with her mail delivery, the averments of which Plaintiff does not dispute. The record thus fails to support that Plaintiff filed the administrative claim, including SF-95. *See Przespo v. United States Post Officer*, 177 F.Supp.3d 793, 797 (W.D.N.Y. 2016) (affidavit by USPS official in charge of examining and adjudicating administrative claims pertaining to mail delivery, averring searches of relevant databases failed to reveal any such claim filed by the plaintiff, was sufficient to establish the plaintiff failed to exhaust administrative remedies), Even if Plaintiff's e-mail communications with the USPS Customer Support could be construed as an "other written notification of an incident," 39 C.F.R. § 912.5(a), nothing in the record even remotely suggests such notification was accompanied by the requisite "claim for money damages in a sum certain" for the injuries or losses Plaintiff alleges she sustained. According, Plaintiff has failed to exhaust administrative remedies, as required, and such failure deprives the court of subject matter jurisdiction over her claims.

Defendant's Motion should therefore by GRANTED for lack of jurisdiction based on Plaintiff's failure to exhaust administrative remedies.

**B.    Sovereign Immunity**

Alternatively, Defendant moves pursuant to Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction because Plaintiff's claims against the United States regarding

11

her mail delivery are common law tort claims for which the United States has not waived its sovereign immunity under the FTCA. Defendant's Memorandum at 6. Although in the Complaint, Plaintiff specifies she is asserting claims based on common law tort, Complaint, Dkt. 1 at 8, in opposing Defendant's motion to dismiss, Plaintiff does not deny that the United States has not waived its sovereign immunity with regard to claims involving the delivery of mail but, rather, maintains, for the first time, her claim is for retaliation based on her political beliefs.[5] Plaintiff's Response ¶¶ 3-4. In further support of dismissal, Defendant repeats her argument that because the United States has not waived its sovereign immunity with regard to claims of arising out of the loss, miscarriage, or negligence in the delivery of mail, the court is without jurisdiction over the claim. Defendant's Reply at 2-3.

As Defendant argues, Defendant's Memorandum at 6, the United States has not waived its sovereign immunity under the FTCA for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). The Supreme Court has construed this statute as pertaining to the "negligent transmission" of mail with regard to conduct "causing mail to be lost or to arrive late, in damaged condition, or at the wrong address," rather than the act of negligently placing mail on a porch where the plaintiff tripped over it. *Dolan*, 546 U.S. at 486. In the instant case, Plaintiff's claims of damaged or misdelivered mail, as pleaded, fall squarely within the type of claims for which the United States has not waived its sovereign immunity under the FTCA, depriving the court of jurisdiction over the negligence claims.

---

[5] Plaintiff's request for leave to file an amended complaint to assert such claim is separately discussed. Discussion, *supra*, at 12-13.

Further, in addition to claims alleging negligence based on damaged or misdelivered mail, Plaintiff also asserts common law claims for the intentional torts of trover, property conversion, and trespass to personal property and chattel, which in the instant circumstances can only be construed as referring to the asserted refusal to deliver Plaintiff's mail which instead is held at the Fillmore post office for 30 days after which, if not picked up by Plaintiff, is returned to the sender.  Complaint, Dkt. 1 at 8.  Such withholding is caused by Plaintiff's failure to provide an approved mail receptacle.

Although Defendant moved to dismiss all of Plaintiff's common law tort claims, Defendant's Memorandum at 2-6, Plaintiff, in opposing dismissal, refers only to her negligence claim, and newly asserted First Amendment claim.  Plaintiff's Response, Dkt. 7 at 6-8.  When, however, a defendant argues against the merits of a plaintiff's claim in a motion to dismiss, and the plaintiff fails to address it in their opposition brief, the court may, at its discretion, consider that claim abandoned. *See, e.g., In re Kingate Mgmt. Ltd. Litig.*, 746 Fed.Appx. 40, 43 (2d Cir. 2018) (affirming district court's holding that plaintiffs waived an argument by "failing to raise it in response to Defendants' motion to dismiss").  Plaintiff, by failing to argue in opposition to dismissal of her common law intentional tort claims, has abandoned them.

Accordingly, Defendant's motion to dismiss Plaintiff's claims for want of jurisdiction on the basis of sovereign immunity should be GRANTED.

## 3. Leave to Amend

In responding in opposition to Defendant's motion, Plaintiff asserts for the first time in support of her motion for leave to amend that the timing of her mail delivery issues, *i.e.*, commencing after Plaintiff hung upside down an American flag, *i.e*, the

13

"International Sign of duress" as a sign of protest against the handling of the COVID-19 pandemic by state and local officials, establishes the delivery issues were intended by the mail carrier to retaliate against Plaintiff for such protest in violation of Plaintiff's First Amendment rights.  Plaintiff's Response ¶¶ 3-4.  In opposition to Plaintiff's request for leave to amend, Defendant asserts the claim is futile because there are no allegations Swift was involved in such constitutional tort, and Plaintiff does not identify the mail carrier Plaintiff maintains was involved in the asserted retaliation.  Defendant's Reply at 4-5 & n. 2.

Initially, the court observes that although Defendant has yet to file an answer, Plaintiff's time to file an amended complaint without leave of court expired on July 5, 2020, *i.e.*, 21 days after being served with Defendant's motion under Rule 12(b).  Fed.R.Civ.P. 15(a)(1)(B).  As such, Plaintiff needs the court's permission to file an amended complaint.  Fed.R.Civ.P. 15(a)(2).  Generally, leave to file an amended complaint should be freely granted.  *Randolph v. Lindsay*, 837 F.Supp.2d 160, 161 (W.D.N.Y. 2011).  Nevertheless, the district court "has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party."  *Jin v. Metropolitan Life Ins., Co.*, 310 F.3d 84, 1010 (2d Cir. 2002).  Further, Loc. R. Civ. P. – W.D.N.Y. Rule 15(a) ("Local Rule 15(a)") requires a proposed amended complaint be attached to a motion for leave to file an amended complaint.

A so-called "*Bivens*" claim[6] "is brought against the individual official for his or her own acts, not the acts of others."  'The purpose of Bivens is to deter the *officer*.'"  *Ziglar*

---

[6] In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), the Court recognized a cause of action for violation of constitutional rights by defendants acting under color of federal authority.

14

*v. Abbasi*, __ U.S. __, 137 S.Ct. 1843, 1860 (2017) (italics in original) (quoting *Meyer*, 510 U.S. at 485 ). *Bivens* actions like, § 1983 claims, require the putative defendant to have personal involvement in the alleged constitutional violation. *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006). In the instant case, however, Plaintiff does not identify the mail carrier she maintains interfered with her mail delivery so as to retaliate against Plaintiff for exercising her First Amendment right to peacefully protest by displaying an American flag upside down. Accordingly, there is no basis supporting a *Bivens* claim.

Nor has Plaintiff submitted the proposed amended complaint, as required by Local Rule 15(a). Where a plaintiff fails to file a proposed amended complaint setting forth the new claims to be asserted against the defendants, as well as to name any additional defendants in accordance with Local Rule 15(a), "'the failure to submit a proposed amended complaint constitutes sufficient grounds to deny a motion to amend.'" *Swinton v. Livingston County*, 2016 WL 1056608, at *4 (W.D.N.Y. Mar. 17, 2016) (quoting *Murray v. New York*, 604 F.Supp.2d 581, 588 (W.D.N.Y. 2009)). Nor does Plaintiff's *pro se* status relieve her of the obligation to inform herself of and comply with the local procedural rules. *Id*. (citing *Edwards v. I.N.S.*, 59 F.3d 5, 8 (2d Cir. 1995). Because Plaintiff has not complied with Local Rule 15(a), her motion for leave to file an amended complaint is DENIED.

Moreover, in the absence of any argument suggesting Plaintiff can state a valid claim for relief against the United States based on any tortious conduct, dismissal of Plaintiff's complaint should be with prejudice and without leave to replead as futile. *Jin*, 310 F.3d at 1010. Here, as discussed, Discussion, *supra*, at 12-13, Defendant has not

waived its sovereign immunity as to Plaintiff's claims pertaining to the damaged or misdelivered mail and, as such, leave to replead the negligence claims would be futile.

Nor has Plaintiff asserted any facts that could support her claims for trover, conversion, or trespass to chattel.  In particular, the tort of trover requires the defendant's intentional interference with the ownership or right to possess an identifiable thing.  *Bomar Resources, Inc. v. Sierra Rutile Ltd.*, 1991 WL 4544, at * 12 (S.D.N.Y. 1991).  Defendant's holding Plaintiff's mail at the Fillmore post office pending Plaintiff's retrieval cannot be said to interfere with Plaintiff's ownership or possessory rights to the mail.  The tort of "conversion of property is any unauthorized exercise of dominion or control over the property by one who is not the owner thereof which interferes with another person's superior possessory rights in the property." *United States v. Paladin*, 539 F. Supp. 100, 103 (W.D.N.Y. 1982) (citing cases).  To establish conversion, the plaintiff must establish the control the defendant exercised over the property was unauthorized and to the exclusion of the plaintiff's superior rights.  *Id*.  Here, however, the control Plaintiff maintains Defendant exercised over her mail was not to the exclusion of Plaintiff's rights but, rather, only until Plaintiff provided a proper receptacle for mail delivery at her residence.  Accordingly, the failure to deliver the mail into a mailbox that was altered and did not comply with applicable regulations is not an interference with Plaintiff's superior possessory rights.  Trespass to chattel requires the intentional physical interference with possession, resulting in harm to the condition, quality or material value of the chattels at issue.  *Fischkoff v. Iovance Biotherapeutics, Inc.*, 339 F.Supp.3d 408, 418 (S.D.N.Y. 2018) (citing cases).  Here, Plaintiff does not allege any harm to the condition, quality, or material value of any of her mail Defendant

allegedly improperly withheld. Nor does Plaintiff assert any factual allegations that could bring any of her claims within the elements of these intentional torts. Based on a fair reading of the Complaint and motion papers, it is self-evident that is unlikely that it is conceivable that any other facts can be alleged by Plaintiff that satisfy the elements of the state law torts Plaintiff has asserted. Accordingly, Plaintiff has not established that the filing of an amended complaint would be anything other than futile such that the dismissal should be with prejudice and without leave to replead.

## CONCLUSION

Based on the foregoing, Defendant's Motion (Dkt. 2) is GRANTED as to the request to substitute parties, and should be GRANTED insofar as it seeks to dismiss the Complaint for lack of jurisdiction; Plaintiff's Motion for leave to file an amended complaint (Dkt. 7) is DENIED with prejudice and without leave to replead. The Clerk of Court should be directed to close the file.

SO ORDERED, as to Defendant's Motion
to substitute parties and Plaintiff's Motion
for leave to file an amended complaint.

/s/ *Leslie G. Foschio*
_____
    LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

                                          Respectfully submitted, as to Defendants' Motion
                                          to dismiss for lack of jurisdiction,

                                                        /s/ *Leslie G. Foschio*
                                        _____
                                                LESLIE G. FOSCHIO
                                      UNITED STATES MAGISTRATE JUDGE

DATED:    May 10th, 2021
               Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   May 10th, 2021
         Buffalo, New York