UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BRIDGETTE A. TOJEK,

      Plaintiff,

v.

UNITED STATES,

      Defendants.

20-CV-755 (JLS) (LGF)

---

## DECISION AND ORDER

*Pro se* Plaintiff Bridgette Tojek commenced this action in state court on June 15, 2020, against Defendant Lyndsey Swift, an employee of the United States Postal Service ("USPS"). Dkt. 1, Exh. A. On October 2, 2020, this Court referred the case to Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 9. Presently before the Court is Judge Foschio's Report and Recommendation ("R&R") and Decision and Order addressing Defendant's motion to substitute parties and to dismiss the Complaint (Dkt. 2) and Tojek's motion for leave to file an amended complaint (Dkt. 7).

For the reasons below, this Court accepts and adopts Judge Foschio's recommendation.

## BACKGROUND

This Court assumes the parties' familiarity with the details of this case, outlined in Judge Foschio's R&R, and will provide only a brief summary of the relevant background.

On June 15, 2020, Plaintiff Bridgette Tojek commenced this action in New York State Supreme Court, Allegany County, against Defendant Lyndsey Swift, an employee of the United States Postal Service ("USPS"), alleging tortious actions resulting in missing mail, interference with mail delivery, and personal injury. *See* Dkt. 1, at 7-11. On June 18, 2020, Defendant removed the action to this Court. *Id.* at 1-2. On June 23, 2020, Defendant filed a motion to (1) substitute the United States as Defendant in place of Defendant Swift, and (2) to dismiss the complaint based on Tojek's failure to exhaust administrative remedies or, alternatively, for failure to state a claim. *See generally* Dkt. 2. After receiving an extension of time to respond (Dkts. 5, 6), Tojek filed a motion for miscellaneous relief on September 9, 2020—this motion requested, among other things, that the Court order the USPS to refrain from sending back Tojek's mail and deny the motion to dismiss until another complaint was filed. *See* Dkt. 7. Defendant replied on September 23, 2020. Dkt. 8.

On May 10, 2021, Judge Foschio issued a combined R&R and Decision and Order. *See generally* Dkt. 10. Judge Foschio recommended that the motion to dismiss for lack of jurisdiction be granted based on failure to exhaust administrative remedies and sovereign immunity. *Id.* at 11, 13. Judge Foschio also granted the motion to substitute parties, resulting in the United States being substituted as Defendant, *see id.* at 8, and ordered Tojek's motion for leave to file an amended complaint be denied, with prejudice, based on futility.[1] *Id.* at 17. The

---

[1] Judge Foschio's combined R&R and Decision and Order treats Tojek's motion for leave to file an amended complaint as a non-dispositive motion. *See* Dkt. 10, at 1 n.1. However, this Court notes that where denial of leave to amend is based on

2

parties did not object to the R&R, and the time to do so has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Dkt. 11.

## DISCUSSION

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Based on this Court's review and the absence of any objections, the Court accepts Judge Foschio's recommendation. Defendant's motion to substitute parties (Dkt. 2) is granted; Defendant's motion to dismiss is granted (Dkt. 2) on the

---

futility or is dispositive of a claim, courts in this district and others have treated such denials as dispositive determinations subject to a *de novo* standard of review upon objection. *See Briggs v. County of Monroe*, 215 F. Supp. 3d 213, 215 (W.D.N.Y. 2016) (reviewing the denial of leave to amend, because any amendment would not relate back and thus would be futile, under a *de novo* standard of review); *Ezeh v. McDonald*, No. 13-CV-6563, 2016 WL 1254012, at *4 n.3 (W.D.N.Y. Mar. 14, 2016) ("Because my findings and conclusions regarding the futility of plaintiff's motion operate as a dispositive determination that [proposed defendants] may not be joined as defendants in this case, my determinations are made as part of a Report and Recommendation and not a Decision and Order."), *report and recommendation adopted*, 2016 WL 1271513 (W.D.N.Y. Mar. 30, 2016); *Pusey v. Delta Airlines, Inc.*, No. 09-CV-4084 (ENV)(JO), 2011 WL 1215081, at *1 (E.D.N.Y. Mar. 20, 2011) ("A magistrate judge's denial of leave to amend, when premised on futility, is a dispositive decision warranting de novo review of any objection to it."); *HCC, Inc. v. R H & M Mach. Co.*, 39 F. Supp. 2d 317, 321 (S.D.N.Y. 1999) ("This Court is of the view that denial of leave to amend is a dispositive decision at least in situations where the denial is premised on futility."). The Court need not resolve whether the motion for leave to amend is dispositive in this case, because no party has objected to Judge Foschio's determinations.

basis of lack of jurisdiction; and Tojek's motion for leave to file an amended complaint (Dkt. 7) is denied with prejudice.

## CONCLUSION

For the reasons stated above and in the R&R, Defendant's motion to substitute parties (Dkt. 2) is GRANTED; Defendant's motion to dismiss on the basis of lack of jurisdiction (Dkt. 2) is GRANTED; and Tojek's motion for leave to file an amended complaint (Dkt. 7) is DENIED with prejudice. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated:   June 17, 2021
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE